UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Collins | Civil Action No. 16-00518 |
| versus | Judge Rebecca F. Doherty |
| Great Lakes Dredge & Dock Company, LLC | Magistrate Judge Carol B. Whitehurst |

### *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

This matter is pending before this Court, on referral from the district judge, for report and recommendation of a Motion To Remand filed by Plaintiff Tracy Collins. Defendant, Great Lakes Dredge & Dock Company, LLC ("GLDD, LLC"), removed this action contending that this Court has jurisdiction over this action under 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds the jurisdictional threshold of $75,000.

Under 28 U.S.C. § 1332, federal district courts have subject matter jurisdiction over civil actions in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states. The person seeking to invoke federal court jurisdiction, in this case Defendant, has the burden of proof of demonstrating, at the outset of the litigation, that the federal court has authority to hear the case. *St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

In its Notice of Removal, *R. 1*, Defendant states that "GLDD is a limited liability company organized and existing under th laws of the State of Delaware and with its principal place of business in Oak Brook, Illinois." A limited liability company is a citizen of every state in which any member of the company is a citizen,

and "the citizenship of a LLC is determined by the citizenship of *all* of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir.2008) (Emphasis supplied). Defendant does not properly state the citizenship of the parties in the Notice of Removal. Therefore, the diversity analysis for a limited liability company requires a determination of the citizenship of every member of the company. *See, Id.; Grupo Bataflux v. Atlans Gloval Group, L.P.*, 541 U.S. 567, 585, n.1 (2004)(noting that courts of appeal have held that the citizenship of each member of a limited liability company counts for diversity purposes). If any one of the members is not diverse, the limited liability company is not diverse.

When jurisdiction is based on diversity, the citizenship of the parties must be distinctly and affirmatively alleged. *Mullins v. Testamerica, Inc.*, 300 Fed. App'x 259, (5th Cir. 2008). Defendant has not presented evidence as to the citizenship of GLDD, LLC's members. Therefore the undersigned is unable to determine whether the parties are diverse in citizenship.

IT IS THEREFORE ORDERED that, not later than seven (7) days after the date of the entry of this order, Defendant shall file a memorandum setting forth specific information that support a finding that the parties are diverse in citizenship.

THUS DONE AND SIGNED at Lafayette, Louisiana, this 9th day of June, 2016.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE