UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Collins | Civil Action No. 6:16-cv-00518 |
| versus | Judge Rebecca F. Doherty |
| Great Lakes Dredge & Dock Company LLC | Magistrate Judge Carol B. Whitehurst |

**REPORT & RECOMMENDATION**

Before the undersigned, by referral from the district judge, is Plaintiff, Tracy Collins', Motion To Remand [Rec. Doc. 9], Defendant, Great Lakes Dredge & Dock Company, LLC's, Opposition thereto [Rec. Doc. 14]. For the reasons provided, the undersigned recommends that the Motion To Remand be granted.

### *I. Background*

Plaintiff filed this action in the Thirteenth Judicial Court, Evangeline Parish, Louisiana. Plaintiff's Petition was titled "Suit Under Jones Act And General Maritime Law." *R. 11-1.* On April 20, 2016, Defendant removed Plaintiff's lawsuit based on § 14(c) and diversity jurisdiction stating that Plaintiff failed to properly allege a claim under the Jones Act, 46 U.S.C. § 30104, and therefore has only a general maritime claim.

On May 16, 2016, the Court granted Plaintiff's motion to amend his Petition to state in the body of the Petition that his claim was under the Jones Act and general

maritime law and to assert the savings to suitors clause. *R. 13*. Plaintiff filed this Motion to Remand contending that his Petition stated his "Jones Act Claim" based on unseaworthiness and for maintenance and cure was improperly removed and should be remanded at Defendant's cost. *R. 9*. I in a hearing conducted on June 15, 2016, the Court heard oral argument on Plaintiff's Motion and Defendants' Opposition.

## *II. Contentions of the Parties*

Plaintiff moves to remand this action based on the established law that suits properly brought in state court under the Jones Act are not removable.

Defendant argues that Plaintiff's Petition contains no specific allegations of the Jones Act, 46 U.S.C. § 30104, and Plaintiff's Amended Petition cannot be considered in the decision to remand this action as the determination must be based on the pleadings at the time of removal. Thus, Defendant contends, Plaintiff's only claims are under the General Maritime Law.

Defendant asserts that Plaintiff's general maritime claims are removable because: (1) the Court has subject matter jurisdiction based on the diversity of the parties and the amount in controversy; and, alternatively, (2) pursuant to the jurisprudence holding that removal is proper under 28 U.S.C. § 1441(c) based on the 2011 amendments to the federal rules of civil procedure. Defendant further asserts

that the Petition contains no allegation that Plaintiff was invoking a right to bring his claims in state court that otherwise could have been brought in federal court and/or no allegation that the savings to suitors clause applied to his general maritime claims.

### *III. Law And Analysis*

"The federal removal statute ... is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir.1997). "[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir.2000).

Generally, neither Jones Act cases, *Addison v. Gulf Coast Contracting Servs., Inc.*, 744 F.2d 494, 498 n.3 (5th Cir.1984) (Congress has explicitly prohibited removal of Jones Act claims) nor "[g]eneral maritime claims saved to suitors" are removable to federal court, *Morris v. T E Marine Corp.*, 344 F.3d 439, 444 (5th Cir.2003) (The "savings to suitors" clause of 28 U.S.C. § 1333 renders admiralty claims non-removable. In other words, federal courts generally cannot exercise removal jurisdiction over Jones Act cases and/or maritime claims subject to the savings to suitors clause.).

*General Maritime Claims*

It is of no moment that Plaintiff did not demand a jury in this case, as a jury trial is not an element of a "saving to suitors" remedy. *Linton v. Great Lakes Dredge & Dock Co.*, 964 F.2d 1480, 1487 (5th Cir.1992). Nor does it matter that Plaintiff did not invoke the clause in his Petition. Plaintiff elected to file suit in state court. Thus, contrary to Defendant's argument, the saving to suitors clause is implicated because Plaintiff filed suit at law in state court. *See Langlois v. Kirby Inland Marine, LP,* 139 F.Supp.3d 804, 816 (M.D.La., 2015); *Chauvin v. Laredo Offshore Services, Inc.*, CIV. A. 97–3840, 1998 WL 88070, at *1 (E.D.La. Feb. 23, 1998) ("By filing suit in state court, the plaintiffs have clearly expressed their intention to pursue any maritime law claims in state court pursuant to the saving to suitors clause ... an identifying statement in the complaint that it is brought pursuant to the saving to suitors clause is not a requirement to invoke the clause.").

The case law is clear, however, that a general maritime claim, brought in state court under the savings to suitors clause may be removed where there is some basis for original federal jurisdiction other than admiralty, such as diversity of citizenship or a statute. *Fields v. Pool Offshore, Inc.*, 182 F.3d 353, 360 n.1 (5th Cir.1999). Defendants' response to the Court's *Sua Sponte* Jurisdictional Briefing Order

established that diversity exists between Plaintiff and Defendant.[1] Because diversity jurisdiction exists, it is not necessary for the Court to discuss Defendant's alternative argument that the 2011 amendment to 28 U.S.C. § 1441 permits the removal of general maritime Law claims even absent a separate basis for federal subject matter jurisdiction.[2]

### *Jones Act Claim*

Defendant argues that Plaintiff has failed to properly allege a Jones Act claim.

---

[1] Defendant represents that Great Lakes Dredge & Dock Company, LLC's sole member is Great Lakes Dredge & Dock Corporation, a Delaware corporation with its principal place of business in Oak Brook, Illinois. *R. 16.*

[2] In *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208 (5th Cir. 2013), the Fifth Circuit interpreted the 2011 amended version of 28 U.S.C. § 1441(b) as a "clarification" rather than an amendment, and stated that section 1441(b)'s forum defendant rule applies only in actions removed on the basis of diversity jurisdiction. Notwithstanding the Fifth Circuit's interpretation, the court in *Ryan v. Hercules Offshore*, 945 F.Supp.2d 772 (S.D.Tex.2013), reasoned that when Congress amended § 1441, it deleted the text upon which courts in the Fifth Circuit had previously interpreted as precluding removal of admiralty cases. *Id*. at 777. Thus, *Ryan* concluded, because Section 1333 (saving to suitors clause) also grants jurisdiction to the federal courts over admiralty and maritime matters, general maritime law claims have become removable. *Id.* "This issue has sharply divided the district courts within the Fifth Circuit and courts outside of this Circuit." *Boudreaux v. Global Offshore Resources, LLC*, 2015 WL 419002, at *3 (W.D.La.,2015) (citing cases). "Courts in the Eastern and Western Districts of Louisiana and in the Southern and Eastern Districts of Texas have held that the 2011 amendments did not change the Fifth Circuit's longstanding rule that maritime claims are not removable absent a basis of jurisdiction outside of admiralty." *Id.* (citing cases). "However, [one court] in the Middle District of Louisiana and other courts in the same Texas district in which *Ryan* was decided have followed *Ryan*, holding that the 2011 amendment makes these cases removable." *Id.* at *4 (citing cases).

Considering only Plaintiff's Original Petition, without considering Plaintiff's Amended Petition, the Court finds that Plaintiff adequately alleged a Jones Act claim in addition to a general maritime claim. First, the Petition is titled "Suit Under Jones Act..." *R. 1.* In his pleadings, Plaintiff alleged that he was "permanently assigned to and working aboard a vessel ... upon navigable waters as a deck hand of the [vessel] crew"; that he was injured while working in the course and scope of such employment and that his injury was "due to the unseaworthiness of the vessel." Finally, Plaintiff's demand stated that he "is entitled to receive maintenance and cure benefits from defendant." *Id.*

Jones Act claims filed in state court are not removable to federal court. 46 USC § 30104, 28 USC § 1445(a), *In re Dutile*, 935 F.2d 61 (5th Cir.1991). Moreover, claims for unseaworthiness and for maintenance and cure joined with a Jones Act claim are not separate or independent claims of the non-removable Jones Act claim, and therefore cannot be removed pursuant to 28 U.S.C. § 1441(c). *See Addison v. Gulf Coast Contracting Services Inc.*, 744 F.2d 494, 498–99 (5th Cir.1984).

There is no dispute that Plaintiff's claims are within the original subject matter jurisdiction of the federal district court. A Jones Act claim filed in state court, however, generally is not removable despite an independent basis of federal jurisdiction unless the Jones Act claim is joined with a separate and independent

6

claim that is within our federal question jurisdiction. 28 U.S.C. §§ 1441(c), 1445(a); *Aquafaith Shipping, Ltd. v. Jarillas*, 963 F.2d 806 (5th Cir.1992). On the other hand, maritime claims may be removed to federal court by non-forum defendants when there is complete diversity of citizenship. 28 U.S.C. § 1441(b); *In re Dutile*, 935 F.2d 61, 63 (5th Cir.1991) (admiralty and maritime claims may be removed to federal court only by non-forum defendants and only where there is complete diversity of citizenship).

Defendant removed this case on the basis that there was no Jones Act claim sufficiently pled and the general maritime claim removal was proper because the Court has diversity jurisdiction. Finding that Plaintiff sufficiently asserted a Jones Act claim, the Court concludes that removal jurisdiction is lacking and this case should be remanded.

***Attorneys' Fees And Costs***

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The decision to award attorney's fees under Section 1447(c) is in the discretion of the Court, and should:

> [R]ecognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to

remove as a general matter, when the statutory criteria are satisfied. *Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772, 778 (S.D. Tex. 2013).

Toward that end, the "mere determination that removal was improper" does not automatically entitle a plaintiff to an award of fees. *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 541–42 (5th Cir. 2012). Rather, in the absence of "unusual circumstances," this Court may award attorney's fees under Section 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 542.

The Court finds Defendant's arguments in support of removal unavailing. However, a party's mere advancement of unsuccessful arguments in support of removal does not warrant the imposition of attorney's fees. *Id.* Plaintiff makes no argument what-so-ever, but in particular no argument that Defendant lacked an objectively reasonable basis to remove this action, or that they removed this action in order to "prolong[ ] litigation and impos[e] costs." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Therefore, although the Court will recommend remanding this action to state court, it will not recommend awarding attorneys' fees and costs.

### *IV. Conclusion*

Based on the foregoing, it is recommended that the Motion to Remand [Rec.

Doc. 9] be granted and the Motion for Attorneys' Fees and Costs be denied.

Under the provisions of 28 U.S.C. § 636(b)(1)© and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

Signed at Lafayette, Louisiana, on this 17th day of June, 2016.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**